Kenin's Estate.

Argued October 28, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Harry H. Wexelblatt,* for appellant.

Charles J. Biddle, with him Harry A. Takiff and R. M. Remick, for appellees.

Opinion by Keller, P. J., December 8, 1942:

This appeal grew out of an insurance deed of trust set up by the decedent, Nucom Kenin, in which he appointed The Pennsylvania Company for Insurances on Lives and Granting Annuities (hereinafter called The Pennsylvania Company) trustee of certain insurance policies on his life, to collect the proceeds and *pay the same over to the trustees named in his will.* The Pennsylvania Company was also one of the trustees named by the decedent in his will, to whom his residuary estate was bequeathed in trust for the benefit of his wife and his descendants.

Following Kenin's death, The Pennsylvania Company collected the insurance proceeds, invested the same in sundry securities and proceeded to distribute the net income from time to time to the beneficiaries named in the residuary clause of decedent's will, just as though the funds had been awarded to it as the sole continuing trustee of the trusts set up by the testator for the benefit of his family.

During this period, the appellant, Bernard R. Cohn, an attorney-at-law, was employed by certain persons, who were entitled to share as beneficiaries in the income from the trusts created under the decedent's will, to represent them in objections to certain investments made by The Pennsylvania Company as trustee under said insurance trust, and succeeded in inducing that company, without litigation, to replace certain alleged defaulted and improper investments held by it as such trustee, involving $16,500 of principal and $3500 of income. This occurred in 1934. Mr. Cohn had not been appointed by any court to act for minors or other parties in interest under disability, and he did not act for or represent the executors of the will of Nucom

Kenin or the testamentary trustees thereunder, who at all times were represented by separate counsel.

Subsequently, in litigation brought by certain creditors of the decedent, the trust under the insurance deed was held to be testamentary in character (see *Kenin's Trust Estate (No. 1)*, 343 Pa. 549, 23 A. 2d 837—1942), and The Pennsylvania Company, as trustee under that deed, was ordered to turn over to the executors of the will all of the original proceeds in cash, together with a substantial amount as damages for detention, to be administered by said executors primarily for the benefit of the decedent's creditors. Mr. Cohn's efforts had nothing to do with this result. It appears from the report of the above case that Kenin died insolvent.

On the audit of the executor's second account Mr. Cohn claimed a fee of $500 out of the estate for his services. This was opposed by the executors and by the creditors of the decedent. The auditing judge refused to allow the claim, and exceptions to the adjudication were dismissed by the court in banc. The claimant appealed.

In our opinion a recital of the facts is sufficient to sustain the action of the court below.

Mr. Cohn's claim was presented against the estate of the decedent. He had rendered valuable services to the persons who employed him, but none to the decedent's estate.

The investments which he induced The Pennsylvania Company as trustee under the insurance deed to replace were not obtained for the benefit of the creditors of the estate—who were entitled to the insolvent decedent's estate—but only for the benefit and advantage of his clients and the other beneficiaries of the trust fund remaining after payment of debts; and these investments were not important in the final disposition of the case in 343 Pa. 549, 23 A. 2d 837.

The fund distributed by the court below was not raised in any part by appellant's services. The Pennsylvania Company would have been obliged to pay over to the estate of the decedent all that it paid under the judgment of the Supreme Court in 343 Pa. 549, whether or not he had been successful in his negotiations with that company as trustee under the insurance deed of trust. Not one cent of the fund for distribution was raised by his efforts. It was due wholly to the proceedings instituted by others to compel The Pennsylvania Company to pay over to the executors of the will of Mr. Kenin the *entire proceeds of the insurance policies* which it had collected and retained, and interest, or damages by way of detention, that the fund came into being.

The decree is affirmed at the costs of the appellant.